AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

__EASTERN__ District of __NEW YORK__

UNITED STATES OF AMERICA
V.
THOMAS PUGLIESE

**JUDGMENT IN A CRIMINAL CASE**

Case Number: CR03-00304 (CBA)

USM Number:

Michael Rosen, Esq. (AUSA Eric Komitee)
Defendant's Attorney

**FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 22 2005 ★
TIME A.M. P.M.**

**THE DEFENDANT:**

X pleaded guilty to count(s) __3 of Superseding Indictment (S-6)__

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:371 | Mail & wire fraud conspiracy, a Class D felony. | 2002 | 3 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s) __open counts & underlying Inds__ ☐ is X are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 9, 2005
Date of Imposition of Judgment

/S/ HON. CAROL B. AMON
Signature of Judge

Carol Bagley Amon, U.S.D.J.
Name and Title of Judge

December 20, 2005
Date

DEFENDANT: THOMAS PUGLIESE
CASE NUMBER: CR03-00304 (CBA)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

15 months

X The court makes the following recommendations to the Bureau of Prisons:
The defendant shall be incarcerated at the Schuylkill facility in Pennsylvania.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____

☐ as notified by the United States Marshal.

X The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
X ~~before 2 p.m.~~ by noon on February 3, 2006.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
        Sheet 3 — Supervised Release

Judgment—Page 3 of 5

DEFENDANT: THOMAS PUGLIESE
CASE NUMBER: CR03-00304 (CBA)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

3 years

It is a special condition that the defendant serve the first nine (9) months of his supervised release term under home detention as directed by the U.S.P.D..

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: THOMAS PUGLIESE
CASE NUMBER: CR03-00304 (CBA)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 10,000.00 | $ 12,598.23 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Connie Balk | $100.00 | | 10% of take home income |
| Tony Duke | $533.55 | | once employment is obtained |
| Rosina Ferrera | $2,105.00 | | |
| Stephanie Fieldstad | $59.00 | | |
| Pat Gasper | $99.00 | | |
| Laurie Haynes | $101.19 | | |
| Diana Irvin | $27.00 | | |
| Roger Jewitt | $39.95 | | |
| Margaret Kues | $29.00 | | |
| Andrew Lee | $350.00 | | |
| Larry Letzer, Sr. | $815.00 | | |
| Joey Lombardi | $50.00 | | |
| Kim McCann | $1,925.00 | | |
| Ethlyn Patterson | $25.00 | | |
| Michael Pilato | $600.00 | | |
| Steven Schuh | $3,175.00 | | |
| Mary Searle | $45.45 | | |
| Karen Simon | $164.00 | | |
| John Sprague | $1,653.99 | | |
| June Vaccarino | $250.00 | | |
| **TOTALS** | $ _____ | $ 0 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the ☐ fine ☐ restitution.

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:      THOMAS PUGLIESE
CASE NUMBER:    CR03-00304 (CBA)

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Karen Warren | $82.00 | | |
| Nancy Yong | $158.00 | | |
| Peggy Young | $211.10 | | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:     THOMAS PUGLIESE
CASE NUMBER:   CR03-00304 (CBA)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  X  Lump sum payment of $ __100.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  X  Special instructions regarding the payment of criminal monetary penalties:

    The $10,000.00 fine shall be paid over the 3 year term of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

X  The defendant shall forfeit the defendant's interest in the following property to the United States:
    Final Order of Forfeiture attached.

SLR:EB:CSK
F#2005V00780
finalorderforfeiture.wpd

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   -against-

THOMAS PUGLIESE,

   Defendant.

FINAL ORDER
OF FORFEITURE

03-CR-304 (S-6)(CBA)

- - - - - - - - - - - - - - - -X

WHEREAS, on February 14, 2005, defendant THOMAS PUGLIESE pleaded guilty to Count Three of the above captioned Indictment, charging him with conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 371, and the Government sought criminal forfeiture of property constituting or derived from proceeds obtained directly or indirectly as a result of such offense, or in the alternative, substitute assets of the Defendant pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

WHEREAS, on May 13, 2005, this Court so ordered a Preliminary Order of Forfeiture, against the defendant THOMAS PUGLIESE for a Money Judgment in the amount of Three Hundred Thousand Dollars ($300,000.00) which was docketed with the Clerk of Court for the Eastern District of New York; and

WHEREAS, in accordance with Fed. R. Crim. P. 32.2(b)(3), legal notice of publication of the Preliminary Order

of Forfeiture was made in the *New York Post*, a daily newspaper of general circulation in the Eastern District of New York, August 25, 2005, August 29, 2005 and September 5, 2005; no third party has filed with the Court any petition in connection with these funds and the time to do so under 21 U.S.C. § 853(n)(2) has long expired.

IT IS HEREBY ORDERED AND ADJUDGED that:

1. Pursuant to Fed. R. Crim. P. 32.2(c)(2), the Preliminary Order of Forfeiture previously entered by this Court is hereby made a Final Order of Forfeiture.

2. The sum of Three Hundred Thousand Dollars ($300,000.00) is hereby forfeited to the United States pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853.

3. The United States Marshal's Service for the Eastern District of New York is hereby directed to dispose of the forfeited funds in accordance with all applicable laws and rules.

4. The Clerk of Court shall forward three certified copies of this order to Assistant United States Attorney Claire S. Kedeshian, U.S. Attorney's Office, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201.

Brooklyn, New York
Dated: December 9, 2005

SO ORDERED:

/S/HON. CAROL B. AMON
HONORABLE CAROL B. AMON
UNITED STATES DISTRICT JUDGE